798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. HUNT, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 85-3179.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1986.
 
 Before KEITH and BOGGS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, James W. Hunt, is appealing the Administrative Law Judge's (ALJ) denial of black lung benefits. Finding that the ALJ's determination is supported by substantial evidence, we affirm.
 
 
 2
 James W. Hunt filed an application for black lung benefits with the Department of Labor on June 5, 1979, pursuant to the provisions of the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 (1981). After development of the medical and employment evidence, the Department of Labor issued a letter denying appellant's claim on November 3, 1979. Subsequently, a formal hearing was held before an ALJ on August 6, 1981, in Madisonville, Kentucky. In a Decision and Order issued July 2, 1982, the ALJ denied benefits. On February 13, 1985, the Board affirmed the ALJ's Decision and Order.
 
 
 3
 The ALJ found that the existence of pneumoconiosis was established by x-ray evidence. However, since Hunt had not worked in the mines for ten years, but only five, he could not invoke the presumption under 20 C.F.R. Sec. 410.490 that the pneumoconiosis was causally related to mining. Rather, the ALJ analyzed appellant's claim under 20 C.F.R. Sec. 410.416(b) to determine whether he had established the causal connection between his pneumoconiosis and coal mine employment. Examining the evidence, the ALJ could not find a causal connection between appellant's mining and pneumoconiosis. Significantly, evidence established that appellant's pneumoconiosis could have been the result of appellant's exposure to concrete dust for approximately twenty years as a result of his work in construction. Although medical reports and testimony submitted by Dr. Doshi and Dr. T.C. Wan indicated appellant's pneumoconiosis arose out of coal mine employment, the ALJ was entitled to discount these reports in light of appellant's twenty-year exposure to concrete dust.
 
 
 4
 Appellant argues that Halon v. Director of Workers Compensation Programs, 713 F.2d 30 (3rd Cir., 1982) should change the result of this case. Halon held that a miner was entitled to a presumption of death from pneumoconiosis, despite less than ten years coal mine employment. However, Halon made clear that the miner must establish that the pneumoconiosis arose out of coal mine employment in order to be entitled to benefits. In the instant case, claimant failed to establish the necessary causal connection between his coal mine employment and his pneumoconiosis. In conclusion, the ALJ's determination was supported by substantial evidence. Accordingly, we AFFIRM.